IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GIOCONDA GARCIA, et al.,

                    Plaintiffs,                         CIVIL ACTION
                                                        NO. 13-7487
        v.

KIMBERLY BROCK-WEINSTEIN, et al.,

                    Defendants.

## OPINION

**Slomsky, J.**                                                    **July 1, 2014**

## I.    INTRODUCTION

Plaintiffs Gioconda Garcia and Juan Rodriguez bring this action against Defendants for

two separate car accidents that occurred in 2012 and 2013, respectively.  The first accident took

place on or about February 8, 2012 and was allegedly caused by Defendants Kimberly Brock-

Weinstein and Mariane Dunfee.  The second accident occurred on or about May 7, 2013 and was

allegedly caused by Defendant Debra Ryan.  Both accidents resulted in injuries to Garcia's back.

Plaintiffs allege that the 2013 accident exacerbated the injuries sustained by Garcia in the 2012

accident.

Defendant Brock-Weinstein filed a Motion to Sever Based on Misjoinder Pursuant to

Federal Rule of Civil Procedure 21.  This Motion is now ripe for disposition. [1]  For reasons that

follow, the Court will grant the Motion.

---

[1] In deciding the Motion to Sever, the Court has considered the Complaint (Doc. No. 1),
Defendant's Motion to Sever (Doc. No. 5), and Plaintiffs' Response (Doc. No. 7).

## II.    BACKGROUND

The following facts are alleged in the Complaint.  Plaintiffs Gioconda Garcia and Juan Rodriguez are husband and wife.  (Doc. No. 5 at ¶ 1.)  They reside in New Jersey.  (Id.)

On or about February 8, 2012, Garcia was a passenger in a 2011 Jeep Grand Cherokee driven by Defendant Mariane Dunfee.  The car was owned by Defendant EAN Holdings, LLC, a car rental company.  (Doc. No. 5 at ¶ 7.)  Immediately behind the Dunfee vehicle, Defendant Brock-Weinstein was driving her 2012 Toyota Sienna.  (Id. at ¶ 8.)  Both cars were on Dresher Road in Horsham, Pennsylvania.  (Id. at ¶ 7.)  Defendant Brock-Weinstein negligently crashed her vehicle into the back of the Dunfee car while it was stopped at a red light.  (Id. at ¶ 13.)  As a result of the crash, Garcia suffered serious and permanent injuries to her back.  (Id. at ¶ 15.)  Based on these facts, Garcia alleges a claim for negligence against Defendant Brock-Weinstein (Count One), and a claim for negligence against Defendants Dunfee and EAN Holdings, LLC (Count Two).  Garcia also alleges a claim for negligence against all three of these Defendants under the theory they should be jointly and severally liable (Count Three).

On or about May 7, 2013, Garcia was driving her own car on highway I-95 in Philadelphia, Pennsylvania.  (Id. at ¶ 10.)  Immediately behind the Garcia vehicle, Defendant Debra Ryan was driving her car.  (Id. at ¶ 11.)  Defendant Ryan negligently crashed her car into the back of Garcia's car.  (Id. at ¶ 33.)  The collision caused Garcia to suffer serious injuries to her back, exacerbating the injuries she suffered in the February 8, 2012 collision.  (Id.)  Based on these facts, Garcia alleges a claim for negligence against Defendant Ryan (Count Four).  Garcia also alleges a claim for negligence against Defendants Brock-Weinstein, Dunfee, EAN Holdings, LLC, and Ryan jointly and severally (Count Five).

As a result of the two car accidents, Juan Rodriguez, Garcia's husband, claims that he lost

the society of his wife.  He alleges a claim for loss of society, companionship, and services

against Defendants Brock-Weinstein, Dunfee, EAN Holdings, LLC, and Ryan (Count Six).

## III.   ANALYSIS

As noted, Defendants filed a Motion to Sever Based on Misjoinder Pursuant to Federal

Rule of Civil Procedure 21.[2]  Federal Rule of Civil Procedure 21 provides:

> Misjoinder of parties is not ground for dismissal of an action.
> Parties may be dropped or added by order of the court on motion
> of any party or of its own initiative at any stage of the action and
> on such terms as are just.  Any claim against a party may be
> severed and proceeded with separately.

"A district court has broad discretion in deciding whether to sever a party pursuant to Federal

Rule of Civil Procedure 21."  Cooper v. Fitzgerald, 266 F.R.D. 86, 88 (E.D. Pa. 2010) (citations

omitted).  "While Rule 21 is silent as to the actual grounds for misjoinder, it is generally

accepted that parties are deemed misjoined when they fail to satisfy the preconditions for

permissive joinder as set forth in Rule 20(a)."  Norwood Co. v. RLI Ins. Co., No. 01-6153, 2002

WL 523946, *2 (E.D. Pa. Apr. 4, 2002).  Rule 20(a) reads in relevant part:

> All persons . . . may be joined in one action as defendants if there
> is asserted against them jointly, severally, or in the alternative, the
> right to relief in respect of or arising out of the same transaction,
> occurrence, or series of transactions or occurrences and if any
> question of law or fact common to all defendants will arise in the
> action.

Thus, courts have construed Rule 20(a) as establishing a two-part test, both parts of which are

required for joinder to be permitted.  "First, claims brought against defendants to be joined must

---

[2] Despite titling the Motion to Sever Based on Misjoinder Pursuant to Federal Rule of Civil
Procedure 21, Defendants do not cite or discuss Rule 21 in their motion.  Instead, Defendants
cite to Pennsylvania Rule of Civil Procedure 2229(b) for the permissive joinder rule.  (Doc. No.
5 at 6-7.)  Because this case is governed by the Federal Rules of Civil Procedure rather than the
Pennsylvania Rules of Civil Procedure, the Court will apply the proper rule in its analysis.

stem from the same transaction of occurrence, and, second, they must share a common question of law or fact." <u>Emmanouil v. Roggio</u>, No. 06-1068, 2007 WL 1174876, *4 (D.N.J. Apr. 19, 2007).  Notably, "Rule 20(a)'s purpose is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits." <u>Al Daraji v. Monica</u>, No. 07-1749, 2007 WL 2994608, at *10 (E.D. Pa. Oct. 21, 2007) (quotations omitted).

The first element of Rule 20(a), the "same transaction" prong, refers to "the similarity in the factual background of the relevant claims." <u>Cooper</u>, 266 F.R.D. at 88.  "Courts generally apply a case-by-case approach when considering whether the facts of several claims constitute a single transaction or occurrence, or a series of transactions or occurrences." <u>Lopez v. City of Irvington</u>, No. 05-5323, 2008 WL 565776, at *2 (D.N.J. Feb. 28, 2008) (quotations omitted). "Transaction is a word of flexible meaning, which may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection, as upon their logical relationship." <u>Al Daraji</u>, 2007 WL 2994608 at *8 (quotations omitted).  "'Series' of transactions or occurrences, for purposes of the rule governing misjoinder, means some connection or logical relationship between various transactions or occurrences.  The thing which makes the relationship 'logical' is some nucleus of operative facts or law – the second prong of the 20(a) test." <u>Hanley v. First Investors Corp.</u>, 151 F.R.D. 76, 79 (E.D. Tex. 1993).

Here, the two car accidents did not arise from the same series of transactions or occurrences.  Rather, each accident involved different Defendants and occurred in different places and at different times.  The first accident occurred in February 2012, in Horsham, Pennsylvania, and was allegedly caused by Defendant Brock-Weinstein and Defendant Dunfee. The second accident occurred in May 2013, in Philadelphia, Pennsylvania, and was allegedly caused by Defendant Ryan.  No common question of fact affects the liability of all three of these

Defendants.  Instead, separate evidence must be presented with respect to each accident.  The liability of the Defendants involved in each accident should be considered separately.

Plaintiffs argue that the injuries Garcia sustained in the 2012 accident are reasonably related to the injuries she sustained in the 2013 accident, since both accidents injured the same part of her body.  However, these two accidents do not meet the test for permissive joinder under Rule 20(a), and therefore joinder is not proper.  In Beaulieu v. Concord Groups Ins. Co., the plaintiff brought claims arising out of two distinct car accidents involving two different drivers, two different locations, and occurring nearly fifteen months apart.  208 F.R.D. 478, 480 (D.N.H. 2002).  The plaintiff alleged that the injuries from the first accident were aggravated by the second accident.  Id. at 479.  The defendants filed a motion to sever the case into separate claims related to each accident.  Id. at 478.  The court granted the motion and held that because the claims arose out of two accidents, and there was no allegation that the defendants acted in concert, the transactional relationship test for permissive joinder under Rule 20(a) was not met. Id. at 480.

Likewise, in Gruening v. Sucic, the court held that the individual defendants were entitled to severance because the plaintiff had not met both aspects of Rule 20(a).  89 F.R.D. 573 (E.D. Pa. 1981).  The plaintiff had stated claims involving two distinct torts committed by different defendants at different times, resulting in the invasion of separate legal interests.  Gruening, 89 F.R.D. at 574.  The court noted that there was no allegation that the defendants acted in concert, and one defendant's alleged misconduct had no legal effect on the cause of action asserted against the second defendant.  Id.

Although not binding on this Court, the Pennsylvania Superior Court has also held that joinder is not proper for two accidents not part of a series of transactions or occurrences.  Kalker

v. Moyer.  921 A.2d 21 (Pa. Super. 2007).  There, the motorist was involved in two separate motor vehicle accidents in two different counties.  The motorist filed a single action against the defendants who were involved in both accidents, claiming they were part of the same "series of transactions or occurrences."  She based her argument on the fact that both accidents caused injuries to the same part of her body.  The plaintiff asserted that because her surgeon was unable to determine which accident caused what damage to her arm, all defendants should be held jointly and severally liable for her injuries.  The court disagreed.  Although evidence of the injuries would be common to both cases, the court found no common question of fact sufficient for joinder of the two accidents as one action.  Id. at 22.  While there was a possibility of inconsistent verdicts, juries are routinely asked to make distinctions between current and preexisting injuries, and the similar injuries was not a sufficient basis for joinder.  Id. at 23.

Similarly, Garcia sustaining similar injuries in the two car accidents is not a sufficient basis for joinder under Rule 20(a).  As noted, the accidents occurred at different times, in different places, and involved different defendants.  There is no allegation that the defendants acted in concert, and the alleged misconduct in the first accident will have no legal effect on the alleged misconduct in the second accident.  Therefore, the claims that Plaintiffs allege regarding the first accident should be severed from those regarding the second accident.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Sever will be granted.  The Clerk of Court shall sever this case into two actions.  The first case will include Defendants Brock-Weinstein, Mariane Dunfee, and EAN Holdings, LLC, and the claims alleged regarding the 2012 accident.  The second case will include Defendant Ryan and the claims related to the 2013 accident.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GIOCONDA GARCIA, et al.,

              Plaintiffs,

    v.

KIMBERLY BROCK-WEINSTEIN, et al.,

              Defendants.

CIVIL ACTION
NO. 13-7487

## ORDER

**AND NOW**, this 1st day of July 2014, upon consideration of Defendant's Motion to Sever (Doc. No. 5), Plaintiffs' Response (Doc. No. 7), and in accordance with the Opinion of the Court issued this day, it is **ORDERED** as follows:

1.    Defendant's Motion to Sever (Doc. No. 5) is **GRANTED**.

2.    The Clerk of Court is **ORDERED** to open a separate civil action captioned Gioconda Garcia, et al. v. Debra Ryan. This new case should be assigned to the calendar of the Honorable Joel H. Slomsky. The Complaint (Doc. No. 1) should be filed as the initiating pleading in this action.

              BY THE COURT:


              /s/ Joel H. Slomsky
              JOEL H. SLOMSKY, J.